**In the Matter of the Petition of
David CROSBY.**

No. 1567.

Supreme Court of Alaska.

April 17, 1972.

---

1. State v. Chaney, 477 P.2d 441, 444 (Alaska 1970).

2. Waters v. State, 483 P.2d 199, 202 (Alaska 1971).

OPINION

PER CURIAM.

This matter involves the automatic suspension of the petitioner by the Alaska Bar Association for failure to pay active membership dues for the year 1971.

It is the contention of the petitioner that he should be granted inactive member status in the Alaska Bar Association because he is a law clerk to a judge of the United States District Court for the District of Alaska; therefore, he is not engaged in the active practice of law as defined by the by-laws of the Alaska Bar Association.[1]

The petitioner filed a petition with the Alaska Bar Association on June 11, 1971. On July 16, 1971, he was informed that the board had denied his request by majority vote after the board members had been polled by mail. Notice was given to petitioner about July 23, 1971, informing him that he would be automatically suspended from membership unless he remitted the dues of an active member of $150 by August 20, 1971.

While this court has the jurisdiction to review the suspension of a member of the Alaska Bar Association, we need not exercise that power of review at the present time.

Petitioner cannot be suspended by the Alaska Bar Association unless the association accords him adequate due process protections. If the case had merely involved the nonpayment of dues by an active member, without any allegation that the member was improperly classified as active, the requirement of due process would be satisfied by adequate notice of the pending suspension because no challenge to the authority of the association to

Peter A. Lekisch of Robison, McCaskey, Strachan & Hoge, Anchorage, for petitioner.

Mary F. LaFollette, Anchorage, (Executive Director for Alaska Bar Ass'n), for respondent.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN, and BOOCHEVER, JJ.

1. Alaska Bar Association By-Laws, art. III, § 2
"ENROLLMENT AS AN INACTIVE MEMBER. Inactive membership in the Alaska Bar Association shall be limited to the following members:
\*    \*    \*    \*    \*
"c. Members who cease to practice law in the State of Alaska may apply for inactive membership to the Board of Governors. 'Practice of Law' should be defined as holding a legal position with the State or Federal government or any judicial position with the State of Alaska."

request the payment would be presented. However, we are faced with a different problem in this matter. The petitioner's position differs because he is making a challenge to the validity of his classification and the validity of the regulation under which he was classified as an active member. Thus, his suspension is not based on the mere failure to pay dues but on the merits of his challenge to the by-laws. Unless we order otherwise under our supervisory power over admission and suspension procedures of the Alaska Bar Association, the petitioner will be deprived of a valuable position without first having the opportunity to present his case.

Consonant with due process, the resolution of this controversy can only be achieved after the petitioner has been given a hearing in which he may appear and offer argument as to the proper application of the by-laws and rules to the facts of his case. The need for a due process hearing prior to suspension from or denial of admission to the bar has been recognized by the United States Supreme Court.[2] This court also has held that due process must be fulfilled when the Alaska Bar Association is faced with a controversy over bar membership.[3]

None of the provisions applicable to suspension found in the statutes or bar rules provide for the situation presented in this petition. When non-payment of dues is the sole issue involved in a suspension, the board may have power to suspend under AS 08.08.180; however, Bar Rule I and AS 08.08.220 require that the board certify its findings and recommendations to this court regarding suspension of bar members. When the context of this litigation is considered, we feel that the procedure outlined in Bar Rule I and AS 08.08.220 should be followed.

We also note that it would be most difficult for this court to reach an informed decision in this matter given the present state of the record. Should this matter again come before this court the findings and recommendations of the board should be certified to us so that we may enter a proper order or review the cause in the manner prescribed by AS 08.08.220.

Although we realize that the Alaska Bar Association provides no procedure in either its by-laws or rules for a hearing before suspension for non-payment of dues, this does not mean that procedural due process can be ignored. Petitioner must be provided with an opportunity to be heard upon the merits of his claim.

This matter is, therefore, remanded to the Alaska Bar Association with instructions to hold a hearing in accordance with this decision.

---

2. Willner v. Committee on Character and Fitness, 373 U.S. 96, 102–103, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963) ; Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957).

3. Application of Peterson, 459 P.2d 703, 710 (Alaska 1969).